IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


| | |
|---|---|
| LATANYA VERBAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:09CV990 |
| ) | |
| MOORE COUNTY DISTRICT ATTORNEY ) | |
| MAUREEN KRUEGER, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION, ORDER AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, LaTanya Verbal, has submitted a pro se "Complaint for Permanent Injunction and Other Relief" (the "Complaint"). (Docket Entry 2.) In the Complaint's Caption, Plaintiff names as defendants the following: "Moore County District Attorney Maureen Krueger," "Moore County Superior Court Judge Albright," "Moore County ADA Warren McSweeney," and "Moore County Attorney Greg Morris {private practice]." (Id. at 1 (curly and square bracket in original).) In the first line of the Complaint, Plaintiff identifies herself as "mother of [J.R.], an unemancipated minor"[1] and explains that the allegations that follow constitute "his

---

[1] Contrary to the rules of this Court, see M.D.N.C.L.R. 7.1(b)(2), Plaintiff includes the full name of her minor child in the Complaint. Because Plaintiff has alleged that J.R. has been charged with felony offenses under North Carolina law and such matters are of public record, see N.C. Gen. Stat. § 132-1.4(e) and (k), the Court concludes J.R. has suffered no prejudice from this oversight by Plaintiff.

complaint against defendant Maureen Krueger." (Id. at 1 (emphasis added).) Plaintiff seeks

> to restrain and enjoin [Krueger], her organizations, and any other person in active concert or participation with her from directly or indirectly:
>
> a. Maintaining custody of [J.R.] in the Moore County Detention Center under excessive bond in violation of the eighth amendment to the United States Constitution and Title 18 U.S.C. Section 242: Deprivation of Rights Under Color of Law.
>
> b. Denying [J.R.] a fair trial in violation of the sixth amendment to the United States Constitution and Title 18 U.S.C. Section 242
>
> c. Deny [sic] [J.R.] due process in violation of the fifth amendment to the United States Constitution.

(Id.)

All of Plaintiff's allegations relate to events that followed J.R.'s arrest on March 5, 2009, "for Possession, Trafficking, Possession With The Intent to Sell and Deliver Opium-Vicodin pills" (id. at 1), including principally:

(1) J.R.'s alleged detention on an excessive bond, which Judge Albright allegedly has refused to reduce, despite the knowledge that a lab report allegedly showed that the suspected drugs were of a type different than the original charges indicated (id. at 2);

(2) McSweeney's alleged appearance before a grand jury with a law enforcement officer during which they allegedly "presented false evidence" as to the drug charges against J.R. (id.);

(3) Morris's alleged ineffective assistance to J.R. as his "court appointed counsel" by allegedly failing to "make an independent examination" of the case before recommending a plea,

-2-

allegedly "attempt[ing] to coerce" J.R. into pleading guilty by telling him that additional charges would be sought by Krueger's office, and allegedly "meet[ing] with [J.R.] without [Plaintiff] present" despite her contrary instruction (id.); and

(4) McSweeney's and Morris's alleged improper conduct in bringing J.R. before Judge Albright for a motion hearing on October 16, 2009, at which J.R.'s motions (including for reduction of bond) were denied, without Plaintiff's knowledge (id. at 3).

The Complaint indicates that Plaintiff has taken various steps, including allegedly filing civil actions in state court, to address her objections to the conduct of Defendants. (Id.) Plaintiff's concluding request for relief and attached proposed order both confirm that she seeks only injunctive and declaratory relief on behalf of J.R. in connection with his ongoing state criminal case. (Id. at 5, 6.) Plaintiff alone signed the Complaint without any claim that she is an attorney. (Id. at 5.)[2]

Contemporaneously with her filing of the Complaint, Plaintiff also submitted an Application for Leave to Proceed In Forma Pauperis. (Docket Entry 1.) "The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied

---

[2] "Every pleading . . . must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). This Court's docket indicates that Plaintiff is proceeding pro se and a search of the records of the North Carolina State Bar confirmed that Plaintiff is not a licensed attorney in this state, see http://www.ncbar.gov/members/member_directory.asp (search for "LaTanya Verbal" last performed Jan. 14, 2010).

access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)).

"Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides in relevant part that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2) (emphasis added).

The United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2)(b)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[3]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is frivolous and because it fails to state a claim on which relief may be granted.

First and foremost, given that Plaintiff has brought suit in her own name, but identified only alleged misconduct perpetrated against another, she lacks standing to pursue the claims in the Complaint and this Court thus lacks jurisdiction to hear them. See

---

[3] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 305 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint). Accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 129 S. Ct. at 1950, respectively)).

Smith v. Frye, 488 F.3d 263, 272 (4th Cir. 2007) (describing "dismissal for lack of standing" as dismissal "for lack of jurisdiction" and explaining that "[i]t is well settled that under Article III of the United States Constitution, a plaintiff must establish that a 'case or controversy' exists 'between himself and the defendant' and cannot rest his claim to relief on the legal rights or interests of third parties'"); White Tail Park, Inc. v. Stroube, 413 F.3d 451, 458 (4th Cir. 2005) ("[T]he standing limitation is derived from the cases or controversies requirement of Article III. A justiciable case or controversy requires a plaintiff who has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on his behalf." (internal brackets and quotation marks omitted)).

This defect renders Plaintiff's Complaint "frivolous [because] it lacks an arguable basis . . . in law," Neitzke, 490 U.S. at 325. See Padilla v. Enzor, 279 Fed. Appx. 606, 615 (10th Cir. 2008) ("The district court dismissed this claim as frivolous holding [the plaintiff] does not have 'standing to raise a claim on behalf of the prisoners' families.' We agree."); Cummings v. Baker, 130 Fed. Appx. 446, 447 (11th Cir. 2005) ("Because . . . [the plaintiff] does not have standing to bring a § 1983 claim on behalf of 'similarly situated individuals,' the district court did not err when it dismissed his claim as frivolous.").

Alternatively, to the extent Plaintiff seeks to proceed as "next friend" for her minor child, her Complaint is legally

frivolous because she "d[oes] not have the authority to litigate h[er] chil[d]'s claim [in this Court]." Myers v. Loudoun Cty. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005). "An individual unquestionably has the right to litigate his [or her] *own* claims in federal court, before both the district and appellate courts. . . . The right to litigate for *oneself*, however, does not create a coordinate right to litigate for *others*." Id.

To the contrary, in light of its concern for "protect[ing] the rights of those before the court . . . and jealously guard[ing] the judiciary's authority to govern those who practice in its courtrooms, . . . [the United States Court of Appeals for the Fourth Circuit recently] join[ed] the vast majority of [its] sister circuits in holding that non-attorney parents generally may not litigate the claims of their minor children in federal court." Id. at 400-01. This fact also warrants dismissal of the Complaint on legal frivolity grounds. See Kendrick v. Ardnt, Civil No. 08-5242, 2009 WL 1229886, at *3 (W.D. Ark. May 1, 2009) (unpublished) ("This case is also subject to dismissal because it is frivolous. First, Kendrick may not assert claims on behalf of [other individuals, including two she has identified as her sons]. . . . Ordinarily, one individual cannot assert a claim on behalf of another individual. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own

behalf, '[h]e has no authority to appear as an attorney for others than himself.'").").[4]

As a final matter, even if this Complaint did not involve an indisputably impermissible attempt by a pro se plaintiff either to assert claims of another or to litigate claims for another, it should be dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim on which relief may be granted in light of Younger v. Harris, 401 U.S. 37 (1971). "In *Younger*, the Supreme Court detailed our 'national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances.'" Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006) ("Nivens II") (quoting Younger, 401 U.S. at

---

[4] Moreover, it appears that, in addition to lacking the right to "litigate" on behalf of her minor child, Plaintiff also currently cannot even "sue" on behalf of him because she has neither sought, nor obtained court approval. See generally Myers, 418 F.3d at 400 & n.5 (explaining distinction between capacity to "sue" and right to "litigate"). Unlike in Myers, where Virginia law regarding capacity to sue (applicable in that case via Federal Rule of Civil Procedure 17(b) because of the locus of the action) clearly authorized a parent to sue on behalf of a minor child, id., North Carolina law (applicable in this case via Rule 17(b) because of the locus of the action) apparently does not authorize a parent to sue on behalf of a minor child without court approval, see Genesco, Inc. v. Cone Mills Corp., 604 F.2d 281, 285-86 (4th Cir. 1979) ("[I]n North Carolina a next friend or guardian Ad litem must be appointed in accordance with established procedures and standards . . . [and] cannot step forward and assume on his own the authority to prosecute the infant plaintiff's suit; rather his authority is based on appointment by the court. . . . These requirements for the appointment of a next friend have been carried forward into the North Carolina Rules of Civil Procedure." (citing N.C.R. Civ. P. 17)); In the Matter of Truitt, 269 N.C. 249, 252 (1967) ("We call attention to the record which fails to show the legal authority by which the mother asserts the claim in behalf of the infant."); but see Allen v. State Bd. of Educ. of N.C., 55 F.R.D. 350, 352 (M.D.N.C. 1972) ("As to the unquestioned standing of the Allens to bring this action as natural guardians for their own children, their appointment as guardians ad litem would be a needless formality.").

41).[5]  The Younger doctrine generally requires abstention by a federal court "if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges."  Id.

Each of these criteria is met in this case.  As to the first, Plaintiff's allegations reflect that proceedings in a state criminal case began before the filing of the Complaint and remain ongoing.  As to the second, the Fourth Circuit has held that "North Carolina has a very important, substantial, and vital interest in preventing violations of its criminal laws."  Nivens v. Gilchrist, 319 F.3d 151, 154 (4th Cir. 2003) ("Nivens I").  See also Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.").  As to the third, the Fourth Circuit has ruled that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."  Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996).

Because the basic elements triggering Younger abstention are present in this case, this Court could entertain Plaintiff's claims

---

[5] "[W]here an injunction would be impermissible under these principles, declaratory relief should ordinarily be denied as well."  Samuels v. Mackell, 401 U.S. 66, 73 (1971).

only if "(1) 'there is a showing of bad faith or harassment by state officials responsible for the prosecution'; (2) 'the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions'; or (3) 'other extraordinary circumstances' exist that present a threat of immediate and irreparable injury." Nivens II, 444 F.3d at 241 (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)). Plaintiff's Complaint does not contain factual allegations that would bring this case within any of the foregoing exceptions.

As to the first, the Supreme Court essentially has limited the "bad faith and harassment" exception to situations where "prosecutions [are] undertaken by state officials . . . without hope of obtaining a valid conviction," Kugler, 421 U.S. at 124, but instead with a different, invalid motive, such as the intent of "discourag[ing] [the accused] and their supporters from asserting and attempting to vindicate the[ir] constitutional rights," Younger, 401 U.S. at 48. See also Hefner v. Alexander, 779 F.2d 277, 280 (5th Cir. 1985) ("*Younger* and its progeny make it obvious that the 'bad faith' exception is narrow and should be granted parsimoniously.").

Plaintiff falls short of this standard because "[t]his is not a case of multiple prosecutions or where there is facially no hope of success in connection with the state [criminal case]." Williams v. North, 638 F. Supp. 457, 462 (D. Md. 1986). See also Sekerez v. Supreme Ct. of Ind., 685 F.2d 202, 208-09 (7th Cir. 1982) ("[A]ppellant's allegations of bad faith and harassment are without

merit and fall short of the breadth or scope of allegations necessary, nor do they come within the parameters of th[is] exception to the Younger doctrine as the appellant has failed to demonstrate to this court's satisfaction that the action by the [state authorities] was part of a pattern of activity designed to harass him."), abrogated in part on other grounds, Trust & Inv. Advisors, Inc. v. Hogsett, 43 F.3d 290 (7th Cir. 1994); Dostert v. Neely, 498 F. Supp. 1144, 1150 (S.D.W. Va. 1980) ("[T]he court finds no evidence of bad faith or harassment in the events as related by plaintiff.  Even assuming, as plaintiff contends, that the warrants are deficient in some way or that [the special prosecutor] is predisposed against plaintiff's position . . ., it is clear that plaintiff will be able to raise those objections and any other alleged constitutional violations in the state proceedings against him.  There is no reason for this court to intervene on those grounds.").[6]

The second exception is also inapplicable; indeed, Plaintiff has offered no constitutional challenge to the underlying state law(s) her son has been charged with violating.

Nor has Plaintiff alleged facts sufficient to come within the purview of the third, catch-all "extraordinary circumstances" exception.  "[S]uch circumstances must be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate

---

[6] Moreover, Plaintiff has "failed to suggest any reason why the defendants would want to persecute [her son] or why they bore any malice towards him." Hefner, 779 F.2d at 279-80.

federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." Kugler, 421 U.S. at 125. Moreover, "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution alone do not constitute irreparable injury in the special legal sense of that term . . . ." Id. at 124 (internal quotation marks omitted).

In this case, at most, Plaintiff has offered conclusory allegations that various officials detained J.R. under an "excessive" bond, "presented false evidence" about him, attempted to "coerce" him to plead guilty, or otherwise engaged in improper conduct in order to convict him of a crime. (Docket Entry 2 at 2-3.) Such contentions do not suffice to establish "extraordinary circumstances." See Lloyd v. Jordan, No. 5:08-CT-3119-D, 2008 WL 6893363, at *3 (E.D.N.C. Oct. 30, 2008) (unpublished) ("[P]laintiff's allegations of a conspiracy and coverup to 'conceal motions, documents, etc.' to 'unlawfully convict the plaintiff' are vague. Such vague allegations do not overcome *Younger*. . . . [P]laintiff can challenge the allegedly falsified evidence in the state court action." (internal citations omitted)); Mills v. Greenville Cty., 586 F. Supp. 2d 480, 484 (D.S.C. 2008) ("Plaintiff's bare assertion of having been framed does not demonstrate extraordinary circumstances which would permit this court to interfere with Plaintiff's [state case]. Plaintiff has adequate opportunity to raise his federal constitutional claims before the state . . . court."); Williams, 638 F. Supp. at 463 ("[C]onclusory allegations of harassment, such as those directed by

-12-

[the plaintiff] against the state court judge herein, do not indicate in any way that Maryland's entire court system has been rendered incompetent fairly to decide the federal constitutional claims raised therein and in this case by [the plaintiff].").

Under these circumstances, Younger clearly precludes this Court from granting Plaintiff's requested relief. The Complaint thus is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) as "frivolous [because] it lacks an arguable basis . . . in law," Neitzke, 490 U.S. at 325. See Leveye v. Metropolitan Pub. Defender's Off., 73 Fed. Appx. 792, 793-94 (6th Cir. 2003) ("The district court . . . dismissed the case as frivolous. . . . [T]he district court properly dismissed [the] complaint, as it lacks an arguable basis in law or fact. Pursuant to the doctrine enunciated in *Younger*, a federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present." (internal citation omitted)); Mehdipour v. Chapel, 23 Fed. Appx. 920, 921 (10th Cir. 2001) (affirming "dismiss[al] [of] action as frivolous" based on Younger); Lloyd, 2008 WL 6893363, at *3 (ordering dismissal of action as "legally frivolous" where, inter alia, Younger foreclosed plaintiff's claims for injunctive relief); Clark v. Zimmerman, 394 F. Supp. 1166, 1178 (M.D. Pa. 1975) ("In the instant case, in view of [various] doctrine[s] [including] . . . the Younger doctrine of federal nonintrusion in the state criminal process, petitioner's complaint is frivolous as a matter of law, since he presently has no chance of succeeding on the merits in light of these legal

principles."). Cf. Nivens II, 444 F.3d at 246 ("*Younger* contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts." (internal quotation marks omitted)).

The Court further concludes that where, as here, Younger bars the relief a plaintiff seeks, the action "fails to state a claim on which relief may be granted," requiring dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii), as well. Some courts have expressed uncertainty as to the nature of a dismissal based on Younger, i.e., whether such dismissal is for lack of jurisdiction or for failure to state a claim on which relief may be granted. See Carter v. Doyle, 95 F. Supp. 2d 851, 855 n.8 (N.D. Ill. 2000) ("Because a motion to dismiss for lack of subject matter jurisdiction based on abstention does not fit neatly into either of the two types of jurisdictional attacks generally raised under Rule 12(b)(1) – the challenge is neither to the facial insufficiency of the complaint or the factual basis pleaded in the complaint – courts have allowed a Younger abstention challenge to be raised in a 12(b)(6) motion, or a 12(b)(1) motion, or both." (internal citations omitted)); Discovery House, Inc. v. Consolidated City of Indianapolis, 970 F. Supp. 655, 657-58 (S.D. Ind. 1997) ("Whether we should dismiss Discovery House's Amended Complaint pursuant to Rule 12(b)(1) or 12(b)(6) standards is not immediately apparent, since abstaining from exercising jurisdiction is neither a finding that jurisdiction is lacking nor that plaintiffs have failed to state a claim.").

The Fourth Circuit, however, recently emphasized that "*Younger* abstention does not arise from lack of jurisdiction in the District Court, but from strong policies counseling against the exercise of such jurisdiction where particular kinds of state proceedings have already commenced." Nivens II, 444 F.3d at 247 n.7. Moreover, a number of courts expressly have held that dismissal under Younger constitutes a dismissal for failure to state a claim on which relief may be granted. See, e.g., Newsome v. Broward Cty. Pub. Defenders, 304 Fed. Appx. 814, 815-16 (11th Cir. 2008) (affirming "dismiss[al] [of] complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, [based on] finding that the complaint was barred under *Younger*"); Peralta v. Leavitt, 56 Fed. Appx. 534, 535 (2d Cir. 2003) ("The District Court determined that, if the criminal proceedings against [the plaintiff] were still ongoing, the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. To support this conclusion, the Court relied on [Younger and its progeny] . . . . We find the opinion of the District Court to be thorough and accurate."); Branham v. Adair, 39 Fed. Appx. 229, 230 (6th Cir. 2002) ("[W]e conclude that the district court properly dismissed the complaint for failure to state a claim. Generally, absent extraordinary circumstances, a federal court must decline to interfere with pending state proceedings where important state interests are involved."); Sekerez, 685 F.2d at 209 ("agree[ing] with the district court's dismissal of the appellant's complaint for failure to state a claim upon which relief may be granted . . . [and]

-15-

hold[ing] that the judicially created Younger doctrine mandate[d] that this court abstain"); Richmond v. Richardson, No. 8:09-2794-MBS, 2009 WL 4825202, at *3 (D.S.C. Dec. 15, 2009) (unpublished) (recommending, based on Younger, that "Plaintiff's § 1983 complaint should be dismissed for failure to state a claim on which relief may be granted"); Scolaro v. District of Columbia Bd. of Elections and Ethics, 946 F. Supp. 80, 83 (D.D.C. 1996) ("[F]ollowing the *Dombrowski/Younger* line of cases, I conclude that [the plaintiff] has failed to state a claim upon which relief can be granted."); Jonathan Club v. City of Los Angeles, 680 F. Supp. 1405, 1408-09 (C.D. Cal. 1988) ("The *Younger* doctrine is properly raised in a motion to dismiss for failure to state a claim upon which relief can be granted."); Caldwell v. Camp, 455 F. Supp. 270, 271 (E.D. Mo. 1978) (relying on Younger to rule that "plaintiff's claim for equitable relief will be dismissed for failure to state a claim upon which relief can be granted"), aff'd in relevant part and rev'd in part on other grounds, 594 F.2d 705 (8th Cir. 1979).

In light of this authority and given that the plain language of the phrase "fails to state a claim on which relief may be granted" would seem to encompass a situation in which the Younger abstention doctrine precludes a court from granting relief,[7]

---

[7] In other words, in light of Younger, the Court cannot grant the injunctive and declaratory relief Plaintiff seeks; accordingly, as a matter of law, Plaintiff has failed to state a claim on which relief may be granted. Some early post-Younger cases captured this notion by ruling that actions should be "dismissed for failure to state a claim for federal intervention," Star-Satellite, Inc. v. Rosetti, 441 F.2d 650, 651 (5th Cir. 1971). The Court also notes that, to the extent Plaintiff seeks to ground her action on 18 U.S.C.
(continued...)

Plaintiff's action is subject to dismissal not only under 28 U.S.C. § 1915(e)(2)(B)(i), but also under 28 U.S.C. § 1915(e)(2)(B)(ii).

The Fourth Circuit has opined that, "when a district court abstains from a case based on Younger, it should typically dismiss the case with prejudice." Nivens II, 444 F.3d at 247. However, to avoid any possible unfair prejudice to J.R.'s legal rights that might be attributable to the fact that a non-attorney has attempted to litigate on his behalf, the better course here would be to dismiss this action without prejudice, notwithstanding the Court's conclusion that J.R. has no realistic prospect of asserting a substantial claim for injunctive relief as to his ongoing state

---

⁷(...continued)
§§ 241 and 242 (Docket Entry 2 at 1, 4-6), her Complaint fails to state a claim on which relief may be granted because "[o]nly the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242 (the criminal analogue of 42 U.S.C. § 1983)." Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (internal citations omitted). Accord Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007) ("[D]ismissal of [plaintiff's] claims . . . alleging violations of 18 U.S.C. [§ 241 and other statutes in Title 18 and Title 26 of the United States Code] was proper because these are criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action."); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir. 1994) ("The district court dismissed [plaintiff's] claims under 18 U.S.C. §§ 242 and 1385. Both of these are criminal statutes that do not provide private causes of action. Accordingly, the district court properly dismissed these claims." (internal citations omitted)); Tribble v. Reedy, 888 F.2d 1387, 1989 WL 126783 (4th Cir. Oct. 20, 1989) (unpublished) (affirming dismissal of civil action "alleg[ing] violations of 18 U.S.C. §§ 241, 1341 and 1343 . . . [because] [u]nless there is a clear Congressional intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute"); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) ("Appellant also claimed relief under 18 U.S.C. ss 241 and 242. These criminal provisions, however, provide no basis for civil liability."); Wagner v. United States, 377 F. Supp. 2d 505, 510-11 (D.S.C. 2005) ("18 U.S.C. § 242 is a criminal statute providing no privately enforceable right that would entitle Wagner to habeas or other relief."); Roberts v. Pepersack, 256 F. Supp. 415, 420 (D. Md. 1966) ("[Plaintiff's] choice of actions is incorrect. Title 18 is concerned with crimes and criminal procedures, and Section 241 imposes criminal penalties for the violation of an individual's civil rights. Suit must therefore be brought by the United States. Actions of a civil nature cannot be brought under these provisions.").

criminal case. See generally Berrios v. New York City Hous. Auth., 564 F.3d 130, 135 (2d Cir. 2009) ("If the [district] court determines that [the non-attorney plaintiff] is not a suitable guardian ad litem, and if the court views it as clear that no substantial claim could be asserted on behalf of [the alleged incompetent person for whom the non-attorney plaintiff sought to litigate], it may dismiss the complaint, but without prejudice.").

**IT IS THEREFORE ORDERED** that in forma pauperis status is granted for the sole purpose of entering this Memorandum Opinion, Order and Recommendation.

**IT IS RECOMMENDED** that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for being frivolous and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

January 15, 2010